IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NAI'QUESHA VALENTINE, o/b/o ) | |
| T.J., Jr. ) | |
| ) | |
| v. ) | No. 3:14-1904 |
| ) | Judge Nixon/Bryant |
| SOCIAL SECURITY ADMINISTRATION ) | |

To: The Honorable John T. Nixon, Senior Judge

## REPORT AND RECOMMENDATION

Currently pending in this Social Security appeal is defendant's motion to dismiss the pro se complaint as untimely filed. (Docket Entry No. 11) As explained below, the Magistrate Judge recommends that this motion be GRANTED.

I.

On September 25, 2014, Plaintiff filed her handwritten complaint, along with an associated application to proceed without prepayment of fees. (Docket Entry Nos. 1 and 2) Both filings bear the handwritten date of August 20, 2014, as the date on which they were executed and sworn under penalty of perjury. The complaint cites as grounds for this appeal the denial of review by the Social Security Administration's (SSA) Appeals Council of the decision denying her claim to benefits, though the date of this denial is not stated in the complaint.

On December 18, 2014, defendant filed its motion to dismiss, along with an authenticated copy of the "Notice of Appeals Council Action" in plaintiff's case. (Docket Entry No. 13-2) This Notice is dated June 2, 2014. Id. at 1. Plaintiff has not responded to

defendant's motion to dismiss, and the time for doing so has passed.

II.

Judicial review of the SSA's benefits determinations is governed by 42 U.S.C. § 405(g), which states that such review may be obtained "by a civil action commenced within sixty days after the mailing to [the appealing party] of notice of such decision or within such further time as the Commissioner may allow." Subsection (h) of § 405 further provides that "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided." Thus, plaintiff had sixty days from "the mailing" by the Appeals Council in which to file this lawsuit. By regulation, the SSA has interpreted "mailing" to mean the date upon which the notice is received, 20 C.F.R. § 416.1481, which is presumed to be five days after the date stamped on the notice, unless a reasonable showing to the contrary is made. 20 C.F.R. § 416.1401.

Accordingly, in the absence of a showing that she did not receive the Appeals Council Notice within the presumptive time from its stated issuance, plaintiff had sixty-five days from June 2, 2014, in which to file her complaint in this Court. The sixty-fifth day following June 2, 2014 was August 6, 2014. Plaintiff's complaint was apparently executed on August 20, 2014; it was not filed until September 25, 2014. It is therefore untimely and subject to dismissal, Cook v. Comm'r of Soc. Sec., 480 F.3d 432, 435-36 (6th Cir. 2007), unless grounds exist for equitably tolling the limitations period. Id. (citing Bowen v. City of New York, 476 U.S. 467, 480 (1986)). No grounds for tolling have been advanced here, nor do any appear to have been presented to the Appeals Council (Docket Entry No. 13 at 3).

2

## III.

In light of the foregoing, the Magistrate Judge recommends that defendant's motion be GRANTED, and that this case be DISMISSED.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court.  Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections.  Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

ENTERED this 15th day of January, 2015.

                                                   s/ John S. Bryant
                                                   JOHN S. BRYANT
                                                   UNITED STATES MAGISTRATE JUDGE